# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RUBEN CONTRERAS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 17 C 3007 |
| ) | |
| JACQUELINE LASHBROOK, Warden, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

In January 2009, Ruben Contreras was charged with the first degree murder of his estranged wife, Graciela Guijarro. Contreras admitted to detectives that he hugged Guijarro and covered her nose and mouth for several minutes during an argument so that she would not yell and attract the attention of neighbors or police. When he let go, Guijarro was dead. At trial, Contreras was represented by an attorney from the Lake County Public Defender's Office who argued that he lacked the requisite mental state to be found guilty of first degree murder. The trial judge instructed the jury on involuntary manslaughter and first degree murder. In April 2013, the jury returned a verdict of guilty on the charge of first degree murder, and the judge later sentenced Contreras to forty-eight years in prison.

Contreras timely appealed his conviction. On appeal, he was represented by an attorney from the Office of the State Appellate Defender. Contreras presented the following arguments:

> 1) the evidence was insufficient to support a conviction for first degree murder;
>
> 2) his trial counsel was ineffective for failing to request a jury instruction defining "knowledge" even though the only contested issue before the jury was his mental state;
>
> 3) the prosecution engaged in prosecutorial misconduct during closing argument by telling the jury that returning a verdict of guilty of involuntary manslaughter would be an injustice; and
>
> 4) his sentence was excessive.

In October 2015, the Illinois Appellate Court rejected Contreras's claims and affirmed his conviction and sentence. *See People v. Contreras*, 2015 IL App (2d) 131048-U. With the assistance of counsel, Contreras filed a timely petition for leave to appeal to the Illinois Supreme Court in which he asserted only the prosecutorial misconduct claim. The court denied the petition in January 2016. Contreras did not file a petition for post-conviction relief in state court, and the time to do so has since expired. *See* 725 ILCS 5/122-1(c).

Contreras has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the sake of clarity, the Court will address Contreras's claims in a different order than they are presented in the petition. Contreras repeats three of the claims that he previously made on direct appeal: (1) the evidence was insufficient to support his conviction for first degree murder, (2) his trial counsel was ineffective for failing to request a jury instruction defining "knowledge" for purposes of the first degree murder charge, and (3) the prosecution engaged in prosecutorial misconduct during closing

2

argument.  He also contends that appellate counsel rendered ineffective assistance when he failed to raise these first two claims through one complete round of the state court's appellate review process, by omitting them from the petition for leave to appeal (PLA).  Contreras contends that it would be a "miscarriage of justice" for the Court to refuse to consider these procedurally defaulted claims on their merits.  2254 Mot. at 6.  The Court also construes this contention as an argument that appellate counsel's alleged ineffective assistance constitutes cause for the default of Contreras's first two claims.  *See id.* (contending that "[b]ut for counsel's failure to preserve all his issues, the outcome of the case would reasonably [have] been different").[1]

Respondent contends that there is no valid excuse for Contreras's procedural default of his first two claims and that relief is not warranted on the third claim (regarding prosecutorial misconduct) because the state court's decision on the issue was not contrary to or an unreasonable application of clearly established Supreme Court law.  Lastly, respondent argues that Contreras's ineffective assistance of appellate counsel claim is non-cognizable because there is no constitutional right to effective assistance of counsel at the state discretionary appeal stage.  For the reasons discussed below, the Court denies Contreras's petition.

## Discussion

A state prisoner is entitled to a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28

---

[1] In a September 2017 letter to the Court, Contreras alleges that two detectives subjected him to psychological torture and forced him to waive his rights (presumably before he confessed to Guijarro's murder).  To the extent that Contreras intended to assert this as a separate ground for relief under section 2254, the claim is procedurally defaulted because he never presented it to the state courts.

U.S.C. § 2254(a).

## A. Insufficiency of the evidence and ineffective assistance of trial counsel claims

A habeas corpus petitioner must give the state courts a full and fair opportunity to review and resolve his federal claims before a federal court may consider them on habeas corpus review. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Thus, claims that were not fairly presented to the state courts through "one complete round of the State's established appellate review process"—either on direct appeal or in post-conviction proceedings—will be found to have been procedurally defaulted and thus will not be addressed on their merits in federal court. *Id.* at 845; *see also Hicks v. Hepp*, 871 F.3d 513, 530 (7th Cir. 2017) (to avoid procedural default, a petitioner must fairly present constitutional claims through one complete round of the state's appellate review process). Failure to present a claim to the state supreme court on a petition for discretionary review such as a PLA constitutes procedural default. *See O'Sullivan,* 526 U.S. at 845-48.

There are two means by which a habeas corpus petitioner may overcome a procedural default. First, a court may reach the merits of a defaulted claim if the prisoner shows cause for the default and prejudice resulting from it. *Hicks*, 871 F.3d at 531. Constitutionally ineffective assistance of counsel may serve as cause to excuse a default. *Oaks v. Pfister*, 863 F.3d 723, 726 (7th Cir. 2017). A procedural default also is excused if the prisoner demonstrates that refusal to hear the claim will result in a fundamental miscarriage of justice because he is "actually innocent of the offenses for which he was convicted." *Hicks*, 871 F.3d at 531 (citation omitted).

Contreras does not contest that the insufficiency of the evidence and ineffective

assistance of trial counsel claims are procedurally defaulted. Instead, he argues that the Court should excuse this default on the ground that his appellate counsel rendered ineffective assistance by failing to raise these claims in the PLA after having argued them on direct appeal. Respondent argues that appellate counsel's failure to raise these issues at the PLA stage cannot serve as cause to excuse the default because a criminal defendant has no constitutional right to effective assistance of counsel to pursue a state discretionary appeal.

As a preliminary matter, the Court overrules Contreras's contention that the procedural default should be excused on the ground that refusal to hear these claims on the merits would result in a "miscarriage of justice," because he has not shown that in light of new, not previously considered evidence, it is more likely than not that no reasonable juror would have found him guilty of first degree murder beyond a reasonable doubt. *See House v. Bell,* 547 U.S. 518, 536-37 (2006); *Gladney v. Pollard*, 799 F.3d 889, 896 (7th Cir. 2015); *see also McDowell v. Lemke*, 737 F.3d 476, 483 (7th Cir. 2013) ("The fundamental miscarriage of justice standard erects an extremely high bar for the habeas petitioner to clear. It applies only in the rare case where the petitioner can prove that he is actually innocent of the crime of which he has been convicted."). It follows that the Court may reach the merits of these claims only if Contreras's allegations regarding his attorney's failure to raise them in the PLA provide cause for the default.

An attorney's error will not qualify as cause to excuse a procedural default unless it amounts to "*constitutionally* ineffective assistance of counsel." *Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017) (emphasis added). In *Anderson v. Cowan*, 227 F.3d 893,

5

900 (7th Cir. 2000), the Seventh Circuit rejected a petitioner's argument that his attorney's ineffective assistance constituted cause for his failure to present a different ineffective assistance claim in his petition for leave to appeal to the Illinois Supreme Court. The court explained that, because there is no constitutional right to counsel to pursue discretionary state appeals, *see, e.g.*, *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), a criminal defendant cannot claim constitutionally ineffective assistance of counsel at that stage. *See Anderson*, 227 F.3d at 901; *see also Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991) (because a criminal defendant "has no right to counsel beyond his first appeal in pursuing state discretionary or collateral review," attorney error at those stages cannot constitute cause to excuse procedural default), *holding modified by Martinez v. Ryan*, 566 U.S. 1 (2012).[2]

Although Contreras had a constitutional right to effective assistance of counsel at trial and on direct appeal, a petition for leave to appeal to the Illinois Supreme Court is a petition for discretionary review. *See O'Sullivan*, 526 U.S. at 843 ("A party may petition

---

[2] The Supreme Court subsequently created a narrow exception to *Coleman*'s general rule that an attorney's errors in state collateral proceedings do not establish cause for a procedural default because there is no constitutional right to counsel in post-conviction proceedings. *See Martinez v. Ryan*, 566 U.S. 1 (2012). To account for the fact that, under certain circumstances, a prisoner may have no occasion to raise an ineffective assistance of trial counsel claim prior to state collateral review, the Supreme Court held in *Martinez* that inadequate assistance of counsel at initial-review collateral proceedings could establish cause for the procedural default of a claim of ineffective assistance of trial counsel. *Id.* at 9. The Court nonetheless emphasized the limited nature of this exception, taking care to explain that it does not extend to "attorney errors in other kinds of proceedings, including appeals from initial-review collateral proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Id.* at 16. *Martinez* therefore does not govern here, where the proceeding at issue is a petition for discretionary review in the Illinois Supreme Court. *See, e.g.*, *Hancher v. Warden, Warren Corr. Inst.*, 989 F. Supp. 2d 643, 653 n.5 (S.D. Ohio 2013).

6

for leave to appeal a decision by the Appellate Court to the Illinois Supreme Court . . . but whether 'such a petition will be granted is a matter of sound judicial discretion.'") (quoting Ill. S. Ct. R. 315(a)). Thus Contreras did not have a constitutional right to effective assistance of counsel at the discretionary PLA stage of the state court proceedings. For that reason, his attorney's failure to include certain claims in the PLA was not *constitutionally* ineffective assistance, and therefore it does not provide the cause necessary to excuse the procedural default of Contreras's claims of insufficiency of the evidence and ineffective assistance of trial counsel. *See Davila*, 137 S. Ct. at 2062.[3]

Because Contreras has failed to show cause to excuse the procedural default of these claims and because he has not demonstrated that a fundamental miscarriage of justice will otherwise result, the Court overrules his insufficiency of the evidence and ineffective assistance of trial counsel claims without considering their merits.

**B.     Prosecutorial misconduct claim**

If a state court has adjudicated a petitioner's claim on the merits, a writ of habeas corpus may issue only if the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

---

[3] There is another reason (albeit not one raised by respondent) why this ineffective assistance of counsel claim does not excuse Contreras's procedural default: he procedurally defaulted the ineffective assistance claim itself by failing to raise it before the state court in a petition for post-conviction relief. In *Edwards v. Carpenter,* 529 U.S. 446, 453 (2000), the Supreme Court held that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can itself be procedurally defaulted." Although Contreras had the opportunity to raise this claim before the state court via a petition for post-conviction relief, he did not do so.

7

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). A state court's decision is "contrary to" clearly established federal law only if the state court applies a rule that contradicts the governing Supreme Court precedent or if it reaches an outcome inconsistent with a Supreme Court decision in a case with materially indistinguishable facts. *Ben-Yisrayl v. Buss*, 540 F.3d 542, 546 (7th Cir. 2008).

With respect to allegations of prosecutorial misconduct in a closing argument, the Supreme Court has made it clear that "it is not enough that the prosecutors' remarks were undesirable or even universally condemned." *Darden v. Wainwright*, 477 U.S. 168, 181 (1986) (citation omitted). Instead, the comments must "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process." *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974).

In response to Contreras's attorney's efforts to convince the jury that he should be convicted of involuntary manslaughter rather than first degree murder, the prosecution made the following statement during closing argument: "[Y]ou should not find the defendant guilty of involuntary manslaughter. Absolutely do not find him guilty of involuntary manslaughter. That's not the crime he committed. To return [a] verdict of guilty on this offense would be an injustice." Apr. 11, 2013 Trial Tr. 23:8-23:13 (Resp. Ex. H). The trial judge sustained Contreras's attorney's objection to the statement, although the judge did not instruct the jury to disregard the statement after sustaining the objection.

Contreras contends that the prosecutor's remarks in closing arguments

constituted prosecutorial misconduct that denied him due process and a fair trial. He argues that the prosecution's statement minimized the seriousness of a verdict of involuntary manslaughter and that it improperly alluded to the effect of the verdict. On direct appeal, the state appellate court considered and rejected Contreras's prosecutorial misconduct claim on the merits. *See Contreras*, 2015 IL App (2d) 131048-U. Specifically, the Illinois Appellate Court concluded that, although the issue was a close one, the prosecutor's comments were not improper, and thus Contreras was not denied a fair trial. *Id.* at ¶¶ 76-77. Contreras points to no United States Supreme Court case holding that an analogous remark was so improper that it deprived the defendant of a fair trial, and this Court is not aware of any such case. Moreover, the state court's decision is plainly consistent with the standard articulated by the Supreme Court in *Donnelly*, as there is no indication that the prosecutor's comments, even if they were improper, infected Contreras's trial to such a degree that his resulting conviction constituted a denial of due process. *See Donnelly*, 416 U.S. at 643. Because the state court's decision on Contreras's prosecutorial misconduct claim was not contrary to or an unreasonable application of clearly established federal law, and was not based on an unreasonable factual determination, he is not entitled to relief based on this claim.

**C.     Ineffective assistance of appellate counsel claim**

As previously explained in Section A of this opinion, there is no constitutional right to counsel to pursue a discretionary state appeal such as a petition for leave to appeal to the Illinois Supreme Court. *Finley*, 481 U.S. at 555; *Coleman*, 501 U.S. at 756-57. Contreras does not claim that any other federal law creates such a right. "[W]here there is no constitutional right to counsel, there cannot be constitutionally

9

ineffective assistance of counsel." *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009). Because appellate counsel's failure to include certain arguments in Contreras's PLA did not violate the Constitution or any other federal law, Contreras's claim of ineffective assistance is not cognizable on a section 2254 petition. *Cf. U.S. ex rel. Thomas v. Pfister*, No. 13 C 03749, 2018 WL 453747, at *6 (N.D. Ill. Jan. 16, 2018) (ineffective assistance of post-conviction appellate counsel is not a cognizable ground for habeas corpus relief because federal law does not guarantee effective assistance of counsel for collateral proceedings); *U.S. ex rel. Willhite v. Walls*, 241 F. Supp. 2d 882, 891-92 (N.D. Ill. 2003) (petitioner's claim that he received ineffective assistance of counsel in appealing his state court post-conviction petition was not cognizable on habeas corpus review because he had no constitutional right to counsel in a collateral proceeding).

## Conclusion

For the foregoing reasons, the Court denies Contreras's petition for a writ of habeas corpus [dkt. no. 1] and declines to issue a certificate of appealability. The Clerk is directed to enter judgment in favor of respondent.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: February 14, 2018